# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

04    10548 MLW

| | |
|---|---|
| **DAVID A. PEARSON**<br>**219 Cross Street**<br>**Belmont, MA 02478** | ) <br> ) <br> ) <br> MAGISTRATE JUDGE Dein |
| **Plaintiff,** | ) |
| **v.** | ) |
| **NATIONAL RAILROAD PASSENGER**<br>**CORPORATION, d/b/a & a/k/a AMTRAK**<br>**253 Summer Street**<br>**Boston, MA 02116** | ) <br> ) <br> ) <br> ) <br> **CIVIL ACTION NO.** |
| **and** | ) <br> ) |
| **MASSACHUSETTS BAY TRANSPORTATION**<br>**AUTHORITY a/k/a MBTA**<br>**10 Park Plaza**<br>**Boston, MA 02116** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

RECEIPT # _____ 5-46/06
AMOUNT $50
SUMMONS ISSUED ye)
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. P.O.M
DATE 3/16/04

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, David A. Person, by and through his undersigned counsel, and claims of the defendants, National Railroad Passenger Corporation ("AMTRAK") and Massachusetts Bay Transportation Authority ("MBTA") an amount in excess of the statutory arbitration limits and avers the following:

1.    Plaintiff, David A. Pearson, is an adult individual residing in Belmont, Massachusetts.

2.    Defendant, AMTRAK, is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads

and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3. Defendant, MBTA, is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts 02116.

4. At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant AMTRAK as a conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

5. At all times material hereto, AMTRAK operated locomotives and/or trains owned and/or maintained by defendant MBTA.

6. At all times material hereto and for some time prior thereto, the plaintiff in the course and scope of his employment worked in and/or upon a train cars owned and/or maintained by defendant MBTA.

7. On or about July 9, 2002, plaintiff, in the course and scope of his employment, was caused to suffer personal injuries, while performing his duties aboard defendants train on car number 741.

## COUNT I
## DAVID A. PEARSON v. AMTRAK

8. Plaintiff repeats, realleges and incorporates fully herein by reference the allegations contained in paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§20301, et seq.

10. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant AMTRAK, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work to perform the duties of his employment by failing to maintain the subject track interlocking and/or track switch in a reasonably safe condition;

(b) failing to use ordinary care to furnish plaintiff with a reasonable safe place to work to perform the duties of his employment by failing to properly maintain the subject train cars, its floors, and/or steps in a reasonable safe condition.

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a defective, dangerous and/or hazardous condition;

(d) failing to warn plaintiff of the defective, dangerous and/or hazardous condition of the work area, including but not limited to the subject train cars, its floors, handholds, grab irons, and/or steps which was made unsafe due to the presence of a dangerous and/or hazardous condition;

(e) failing to warn plaintiff of the defective dangerous and/or hazardous condition of the work area, including but not limited to the subject track interlocking and/or track switch which was

made unsafe due to the presence of a dangerous and/or hazardous condition;

(f)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject train cars, its floors, handholds, grab irons and/or steps, as described above, when the defendant knew or should have known that said conditions existed;

(g)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject track interlocking and/or track switch, when the defendant knew or should have known that said conditions existed;

(h)    failing to use ordinary care to service and/or maintain the subject train cars, its floors handholds, grab irons and/or steps in a reasonably safe condition and in a condition;

(i)    failing to use ordinary care to service and/or maintain the subject track interlocking and/or track switch in a reasonably safe condition and in a condition;

(j)    failing to use ordinary care to properly inspect the subject train cars, its floors, handholds, grab irons and/or steps to ensure that same was in a reasonably safe condition;

(k)    failing to use ordinary care to properly inspect the subject track interlocking and/or track switch to ensure that same was in a reasonably safe condition;

(l)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject train cars, floors, handholds, grab irons and/or steps;

     (m)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject track interlocking and/or track switch;

     (n)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the train cars, track interlocking and/or track switch as more fully described above; and

     (o)    failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform her job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant AMTRAK, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his right shoulder, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant AMTRAK, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend

considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

13. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant AMTRAK, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

14. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant AMTRAK, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

15. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant AMTRAK, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendants and award the following relief: compensatory damages in an amount to be determined; damages in an amount of all consequential damages of defendants' conduct including, but not limited to, all attorneys' fees and costs incurred as a result of the defendants' actions; punitive damages; costs, interest and attorneys' fees; and any other such further and additional relief that this Honorable Court deems appropriate.

## COUNT II
### In Negligence
### Pendent Jurisdiction Under U.S. Constitution,
### Article III, Section 2
### DAVID A. PEARSON v. MBTA

16.  Plaintiff repeats, realleges and incorporates fully herein by reference the allegations contained in paragraphs 1 through 15 of the Verified Complaint as if fully set forth herein.

17.  This action is brought against defendant, MBTA predicated upon negligence.

18.  Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant MBTA, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a)  failing to use ordinary care to furnish plaintiff with a reasonably safe place to work to perform the duties of his employment by failing to maintain the subject track interlocking and/or track switch in a reasonably safe condition;

(b)  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work to perform the duties of his employment by failing to properly maintain the subject train cars, its floors, and/or steps in a reasonable safe condition.

(c)  failing to use ordinary care to furnish plaintiff with a reasonably safe place to work to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a defective, dangerous and/or hazardous condition;

(d)    failing to warn plaintiff of the defective, dangerous and/or hazardous condition of the work area, including but not limited to the subject train cars, its floors, handholds, grab irons, and/or steps which was made unsafe due to the presence of a dangerous and/or hazardous condition;

(e)    failing to warn plaintiff of the defective dangerous and/or hazardous condition of the work area, including but not limited to the subject track interlocking and/or track switch which was made unsafe due to the presence of a dangerous and/or hazardous condition;

(f)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject train cars, its floors, handholds, grab irons and/or steps, as described above, when the defendant knew or should have known that said conditions existed;

(g)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject track interlocking and/or track switch, when the defendant knew or should have known that said conditions existed;

(h)    failing to use ordinary care to service and/or maintain the subject train cars, its floors handholds, grab irons and/or steps in a reasonably safe condition and in a condition;

(i)    failing to use ordinary care to service and/or maintain the subject track interlocking and/or track switch in a reasonably safe condition and in a condition;

(j)    failing to use ordinary care to properly inspect the subject train cars, its floors, handholds, grab irons and/or steps to ensure that same was in a reasonably safe condition;

(k)     failing to use ordinary care to properly inspect the subject track interlocking and/or track switch to ensure that same was in a reasonably safe condition;

(l)     failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject train cars, floors, handholds, grab irons and/or steps;

(m)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject track interlocking and/or track switch;

(n)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the train cars, track interlocking and/or track switch as more fully described above; and

(o)     failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform her job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff.

19.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant MBTA, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his right shoulder by reason

of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

20.   As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant MBTA, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

21.   As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant MBTA, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

22.   As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant MBTA, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

23.   The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant MBTA, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendants and award the following relief: compensatory damages in an amount to be determined; damages in an amount of all consequential damages of defendants' conduct including, but not limited to, all attorneys' fees and costs

incurred as a result of the defendants' actions; punitive damages; costs, interest and attorneys' fees; and any other such further and additional relief that this Honorable Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Date:

LAW OFFICES OF MARIO BOZZA

By: _Mario Bozza_

MARIO BOZZA, ESQUIRE
BBO#052860
63 Commercial Wharf
Boston, MA 02110
(617) 367-3100
Attorney for Plaintiff

Of Counsel:
**BARISH LAW OFFICES, P.C.**
Samuel J. Rosenthal, Esq.
Three Parkway, 13th Floor
Philadelphia, PA 19102
(215) 923-8900

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

   David A. Pearson v. National Railroad Passenger Corporation, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121
                                                                              for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____ N\A _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Mario Bozza, Esq

ADDRESS   63 Commercial Wharf - Boston Ma   02110

TELEPHONE NO.   617 - 367 - 3100

(Coversheetlocal.wpd - 10/17/02)

%JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

David Pearson

**DEFENDANTS**

National Railroad Passenger Corporation & MBTA, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Samuel Rosenthal, Esq.          Mario Bozza, Esq
BARISH LAW OFFICES              63 Commercial Wharf
1601 Cherry St., 13th Fl.        Boston, MA 02110
Philadelphia PA 19102            617-367-3100
215-923-8900

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Determination Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq.,recodified in 49 U.S.C.A. §§20301, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

N/A

JUDGE _____

DOCKET NUMBER _____

DATE
3-15-04

SIGNATURE OF ATTORNEY OF RECORD
_Mario Bozza_

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____