UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10548 MLW

| | |
|---|---|
| DAVID PEARSON,<br>    Plaintiff<br><br>Vs.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>AND MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>    Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   JURY DEMAND AND<br>*   ANSWER OF DEFENDANTS<br>*   NATIONAL RAILROAD<br>*   PASSENGER CORPORATION<br>*   AND MASSACHUSETTS BAY<br>*   TRANSPORTATION AUTHORITY<br>*   TO PLAINTIFF'S COMPLAINT |

1. Defendants admit the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2. Defendants deny that Amtrak owned the line and system of railroads and railroad properties. Defendants admit the remaining allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. Defendants deny that the Defendant MBTA is a corporation and they admit the remaining allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5. Defendants deny that the Defendant MBTA maintained the locomotives and trains in question, and the Defendants further admit the remaining allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. Defendants deny that the Defendant MBTA maintained the locomotives and trains in question, and they further admit the remaining allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

## COUNT I

8. Defendants restate, re-allege and incorporate herein by reference their answers to the allegations set forth in Paragraphs 1 through 7 of the Plaintiff's Complaint.

9. Defendants are not called upon to either admit or deny the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. a-o.) Defendants deny the allegations set forth in Paragraphs 10 (a-o.) of the Plaintiff's Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

## COUNT II

16. Defendants restate, re-allege and incorporate herein by reference their answers to the allegations set forth in Paragraph 1 through 15 of the Plaintiff's Complaint.

17. Defendants are not called upon to either admit or deny the allegations set forth in Paragraph 17 of the Plaintiff's Complaint.

18. a-o. Defendants deny the allegations set forth in Paragraphs 18 a-o of the Plaintiff's Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Plaintiff's Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Plaintiff's Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Plaintiff's Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Plaintiff's Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Plaintiff's Complaint.

WHEREFORE, the defendants MBTA and Amtrak deny that the plaintiff is entitled to judgment against them as alleged in the Complaint

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If defendants MBTA and Amtrak were guilty of any negligence proximately causing the injuries and damages set forth in the Complaint, all of which the defendants expressly deny, then plaintiff is guilty of negligence contributing to cause said injuries and damages.

3. Plaintiff's claim should be barred because plaintiff was guilty of negligence which was a contributing cause of plaintiff's injuries and which negligence was greater than the amount of negligence, if any, attributable to defendants MBTA and Amtrak, or alternatively, the plaintiff's claim should be reduced by the amount of plaintiff's negligence.

4. The actions or inactions of defendants MBTA and Amtrak were not the proximate cause of plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which defendants MBTA and Amtrak were not responsible.

5. The acts or failures to act alleged in the Complaint were committed or omitted, if at all, by parties for whose conduct or inaction the MBTA and Amtrak were not, and are not, legally responsible.

6. To the extent that plaintiff seeks recovery from MBTA for pain and suffering, such claims are barred by the provisions of G.L. c. 231, 36D.

7. Plaintiff's claims are barred because plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

WHEREFORE, the defendants MBTA and Amtrak respectfully request that the Court:

1. Deny the relief sought by plaintiff in her Complaint and dismiss the Complaint with prejudice;

2. Award MBTA its reasonable costs and attorneys' fees; and

3. Order such other and further relief as the Court deems just and proper.

DEFENDANTS MBTA AND AMTRAK DEMAND TRIAL BY JURY.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
NATIONAL RAILROAD
PASSENGER CORPORATION
By their attorney,

*Paul J. Sahovey* (signature)
Paul J. Sahovey
Assistant General Counsel
Ten Park Plaza
Boston, MA  02116
(617) 222-3189
BBO #437900

Dated: May 4, 2004